# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ADRIAN CONTRERAS ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| ) | Case No.: 6:21-cv-271 |
| v. ) | |
| ) | |
| TT MARKETING, INC. ) | |
| ) | |
| & ) | **JURY TRIAL DEMANDED** |
| ) | |
| TENANT TRACKER, INC. ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Adrian Contreras, by and through the undersigned counsel, and for his Complaint against Defendants TT Marketing Inc. ("TT Marketing") and Tenant Tracker, Inc. ("Tenant" and collectively with TT Marketing, "Defendants") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

## **JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside

1

in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Bullard, a part of Cherokee County, Texas.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Bullard, a part of Cherokee County, Texas, making Tyler a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant TT Marketing, a Texas corporation headquartered in McKinney, Texas practices as a debt collector throughout the country, including Texas.

8. Defendant TT Marketing attempts to collect alleged debts throughout the state of Texas, including in Bullard city and Cherokee county.

9. Defendant TT Marketing has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant TT Marketing has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Bullard city and Cherokee county and Defendant attempts to collect alleged debts throughout the state of Texas.

11. As Defendant TT Marketing knowingly attempted to collect on a debt allegedly incurred in Bullard, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

12. Defendant Tenant, a Texas corporation headquartered in McKinney, Texas practices as a debt collector throughout the country, including Texas.

13. Defendant Tenant attempts to collect alleged debts throughout the state of Texas, including in Bullard city and Cherokee county.

14. Defendant Tenant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

15. Defendant Tenant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Bullard city and Cherokee county and Defendant attempts to collect alleged debts throughout the state of Texas.

16. As Defendant Tenant knowingly attempted to collect on a debt allegedly incurred in Bullard, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

17. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

18. Defendants' collection activities violated the FDCPA.

19. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

20. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently

concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

21. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

22. Plaintiff, Adrian Contreras (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

23. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

24. Defendant TT Marketing Inc. is a Texas corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 1550 Bray Central Drive, McKinney, Texas.

25. Defendant TT Marketing is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

26. Defendant TT Marketing regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

27. TT Marketing Inc. is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

28. TT Marketing Inc. regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

29. Defendant TT Marketing Inc. is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

30. Defendant Tenant is a Texas corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 1550 Bray Central Drive, McKinney, Texas.

31. Defendant Tenant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

32. Defendant Tenant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

33. Defendant Tenant is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

34. Tenant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

35. Defendant Tenant is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

36. Equifax Information Services, LLC is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Equifax Information Services, LLC regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

37. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than TT Marketing Inc and Tenant.

38. Upon information and belief, on a date better known by TT Marketing Inc. and Tenant, TT Marketing and Tenant began to attempt to collect an alleged consumer debt from the Plaintiff.

39. On or about July 14, 2020, Plaintiff had a telephone conversation with Defendant TT Marketing regarding an alleged debt allegedly owed by Plaintiff.

40. The alleged debt was said to be owed to La Hacienda Apartments and would therefore only have been incurred for household purposes.

41. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

43. During the telephone call, Plaintiff informed Defendant TT Marketing's representative he was disputing the alleged debt.

44. At that time, instead of marking the account as disputed and ending the phone call, Defendant TT Marketing's representative instructed him that he could send in a dispute by mail.

45. It is well settled that § 1692 does not impose a writing requirement on a consumer. See, Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006), Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006), Turner v. Henandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL

711657 (E.D.N.Y. Mar. 29, 2005), Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002), Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001), Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), Reed v. Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981), Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See, Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004).

46. Secondly, Plaintiff is entitled to dispute the alleged debt for any reason, or even no reason at all. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999).

47. TT Marketing Inc. is required to provide the consumer with validation, mark the account as disputed, and immediately cease collection activity until proper validation has been provided.

48. Defendant TT Marketing's representative is not given the authority under law to determine what he finds to be a proper or valid dispute. Defendant TT Marketing's representative could have no other purpose in doing so unless she were trying to prevent Plaintiff from disputing the account.

49. Defendant TT Marketing's representative oppressed Plaintiff's rights by not immediately ceasing communication after acknowledging the dispute of the alleged debt.

50. Furthermore, once Plaintiff disputed the debt, Defendant TT Marketing was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Equifax Information Services, LLC.

51. Upon information and belief, Defendant TT Marketing uses Defendant Tenant to furnish information to the credit bureaus regarding consumer credit information.

52. Upon information and belief Defendants update the consumer credit information with the credit bureaus, specifically Equifax Information Services, LLC, as a tool to attempt to collect alleged debts.

53. TT Marketing Inc., by and through Tenant, was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

54. Defendants' voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

55. On or about December 7, 2020, Plaintiff received an updated credit file from Equifax Information Services, LLC. **Exhibit A.**

56. That the credit report was updated on November 12, 2020 by Tenant Tracker.

57. That the updated November 2020 credit report did not contain updated account information.

58. That the updated November 2020 credit report did not contain updated marked as disputed information.

59. That Tenant Tracker furnished information to Equifax Information Services, LLC regarding Plaintiff's account without notifying them the account had been disputed by consumer.

60. That Tenant Tracker failed to update the account information and mark the account as disputed on the updated November 2020 credit report after Plaintiff disputed the account in July 2020.

61. Upon information and belief, that Tenant Tracker never updated the account information and never marked it as disputed even after receiving information of the dispute.

62. All of TT Marketing and Tenant Tracker's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

63. All of TT Marketing and Tenant Tracker's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

64. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the Defendants.

65. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by Defendants.

66. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by Defendants.

67. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time,

frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

68. Defendants' action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

69. Plaintiff would have pursued a different course of action had Defendants not violated the statutory protections created by Congress.

70. Plaintiff attempted to pursue his rights yet was left with no actual knowledge as to how to proceed based on Defendants' actions.

71. Defendants' denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of his debt in order to make a rational determination as to how to proceed and forcing him to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

72. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

73. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

74. Defendant Tenant Tracker exercised control over Defendant TT Marketing's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

75. Defendant Tenant Tracker is vicariously liable for Defendant TT Marketing's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant TT Marketing, was allowed to attempt to collect on their behalf.

76. Defendant TT Marketing would not have attempted to collect the alleged debt on behalf of Tenant if Defendant Tenant had not in fact given them approval or agency to act on their behalf to collect in a manner TT Marketing had knowingly approved or permitted.

77. Upon information and belief, Defendant Tenant gave Defendant TT Marketing the green light, and thus agency, to attempt to collect the alleged debt in the manner in which TT Marketing did.

78. Upon information and belief, Defendants have unity of interest, working on the same accounts in an attempt to collect on the alleged debts.

79. Upon information and belief, these companies are one in the same, and serve as different departments of the same company with the same purpose and same accounts.

80. Upon information and belief, these companies even share the same office.

81. Upon information and belief, all information between TT Marketing and Tenant is shared freely, as there is no separation between the two other than the alternate naming of each.

### Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

82. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

83. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

84. Because Plaintiff disputed the debt, Defendants, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment

to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

85.     Defendants used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

86.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

87. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

88. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

89. Defendants communications with Plaintiff were deceptive and misleading.

90. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

91. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

92. Defendants' failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

93. Defendants' conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding his situation.

94. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

95. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendants' conduct.

96. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

97. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

98. Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Adrian Contreras, prays that this Court:

  A. Declare that Defendants' debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff Adrian Contreras, and against Defendants for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C. Grant other such further relief as deemed just and proper.

### Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse

99. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

100. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

101. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

102. Defendants attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to his credit report.

103. Defendants could have no other purpose in doing this except to harm Plaintiff's reputation and deprive him of his ability to receive any type of credit line unless he paid the alleged debts.

104. Defendants' violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Adrian Contreras, prays that this Court:

    A.    Declare that Defendants' debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Adrian Contreras, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices

105. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

106. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

107. Defendants attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

108. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

109. Defendants' violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Adrian Contreras, prays that this Court:

   A. Declare that Defendants' debt collection actions violate the FDCPA;

   B. Enter judgment in favor of Plaintiff Adrian Contreras, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

   C. Grant other such further relief as deemed just and proper.

### Count IV: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

110. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

111. Defendants violated 15 U.S.C. § 1681s-2(b) by continuing to report the Tenant Tracker representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Tenant Tracker representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Tenant Tracker representations to the consumer reporting agencies.

112. As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

113. Defendants' action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

114. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Adrian Contreras, prays that this Court:

  A.  Declare that Defendants' credit reporting actions violate the FCRA;

  B.  Enter judgment in favor of Plaintiff Adrian Contreras, and against Defendants, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

  C.  Or, in the alternative, enter judgment in favor of Plaintiff Adrian Contreras, and against Defendants, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

  D.  Grant other such further relief as deemed just and proper.

**JURY DEMAND**

115. Plaintiff demands a trial by jury on all Counts so triable.

Dated: July 14, 2021

              Respectfully Submitted,

              **HALVORSEN KLOTE**

      By:  /s/ Joel S. Halvorsen

           Joel S. Halvorsen, #67032
           Samantha J. Orlowski, #72058
           Halvorsen Klote
           680 Craig Road, Suite 104
           St. Louis, MO  63141
           P: (314) 451-1314
           F: (314) 787-4323
           joel@hklawstl.com
           sam@hklawstl.com
           *Attorney for Plaintiff*